UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aryee Henderson, #237887, <br> a/k/a Aryee Henderson, #59105, <br>         Plaintiff, <br> vs. <br><br> Officer Cleveland, <br> Sgt. Thomas, <br> Officer Corley, <br> Officer Parrish, <br> Officer Delk, <br> Officer Henderson, <br> Sgt. Coaxum, <br> Lt. Anderson-Davenport, <br> Officer John Doe, <br> Lt. Williams, *RHU Supervisor*, <br> Mr. Williams, *QMHP*, <br> Officer Capistock, <br> Officer Romero, <br>         Defendants. | C/A No. 4:20-2726-SAL-TER <br><br> ORDER |

This is a civil action filed by a state prisoner. On September 23, 2020, service was authorized on all defendants except Doe. (ECF No. 22). The summonses were returned unexecuted as to Defendants Capistock, Romero, Lt. Williams, and Mr. Williams. (ECF Nos. 27, 28, 29, 30). The Marshal's notation on the Forms USM-285 indicated Defendants Capistock, Romero, Lt. Williams, and Mr. Williams could not be served because "SCDC OGC cannot accept- could not find this defendant." (ECF Nos. 27, 28, 29, 30).

On December 9, 2020, the magistrate judge directed Plaintiff to the Federal Rules of Civil Procedure and ordered Plaintiff to provide more specific identifying information if he desired to attempt service on the specific defendants again:

> **The providing of sufficient, accurate, and complete information on the Forms USM-285 is the responsibility of Plaintiff**. Also, Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a particular defendant is served within 90 days after the complaint is filed, this Court

may have to dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor has uniformly held that dismissal is mandatory unless good cause is shown if a Defendant is not served within the days provided by the rule.

Accordingly, Plaintiff is hereby **directed to provide to the Clerk of Court, within fourteen (14) days of the date of this Order, updated service forms with more specific identifying information for Defendants Capistock, Romero, Lt. Williams, and Mr. Williams and Defendant John Doe should Plaintiff desire to attempt service upon these Defendants again.** Plaintiff is hereby warned that if he does not respond to this Order and/or does not provide a new summons and Form USM-285 for **Defendants Capistock, Romero, Lt. Williams, and Mr. Williams and Defendant John Doe** with additional identifying information, **Such Defendants may be dismissed without prejudice.**

(ECF No. 52)(emphasis in original).

As to Defendant Doe, the magistrate judge instructed Plaintiff:

Service was not authorized on Defendant Doe and Plaintiff was previously ordered: "Plaintiff did not provide a summons or a Form USM-285 for Defendant Doe." Plaintiff was warned in a prior order: "**Plaintiff must make diligent efforts regarding properly identifying such Defendant in service documents**. **While the USMS is to make reasonable efforts to serve identified defendants, <u>such obligation only arises once an inmate-plaintiff has properly identified the defendant.</u>** *See Shirley v. Staubs*, No. 20-6210, 2020 WL 4037633, at *1 (4th Cir. July 17, 2020) (unpublished) (*citing Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) and *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010)). The United States Marshals Service has an obligation to expend a reasonable investigative effort to locate a defendant ONLY once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995))." (ECF No. 15). **Plaintiff is put on notice of the obligation to provide identifying information.** Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a defendant is served within 90 days after the Complaint is filed, this Court may dismiss an action without prejudice as to that Defendant. Case law interpreting Rule 4(m) or its predecessor, Rule 4(j), has held that a complaint must be dismissed, absent a showing of good cause, if the complaint is not served within 90 days after it is filed. *See Mendez v. Elliot*, 45 F.3d 75, 78-80 (4th Cir. 1995)(collecting cases). **As a result, Plaintiff must be mindful of this time limitation and be diligent in obtaining further identifying information and submitting service documents for the Doe Defendant in this action.**" (ECF No. 22).

(ECF No. 52).

On December 23, 2020, Plaintiff responded to the order and provided additional service documents for Defendants Capistock, Romero, Lt. Williams, and Mr. Williams; however, such service documents did not provide further specific identifying information, as ordered, generally beyond what was originally provided and which was returned unexecuted because the SCDC Office of General Counsel could not find such Defendants in its system. (ECF Nos. 58, 27, 28, 29, 30).

Plaintiff has not complied appropriately with the prior order and has not provided further specific identifying information regarding Defendants Capistock, Romero, Lt. Williams, Doe, and Mr. Williams sufficient to re-issue service. While the USMS is to make reasonable efforts to serve identified defendants, such obligation only arises once an inmate-plaintiff has properly identified the defendant. *See Shirley v. Staubs*, No. 20-6210, 2020 WL 4037633, at *1 (4th Cir. July 17, 2020) (unpublished) (*citing Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) and *Richardson v. Johnson*, 598 F.3d 734, 738-40 (11th Cir. 2010)). It would be futile to issue service documents with generally the same identifying information as previously returned unexecuted.

Plaintiff's inappropriate response indicates an intent to not prosecute this case against Defendants Capistock, Romero, Lt. Williams, Doe, and Mr. Williams and subjects these defendants to dismissal. *See* Fed. R. Civ. P. 41(b); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*). A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied* 493 U.S. 1084 (1990); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). In considering

whether dismissal is appropriate pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of plaintiff's responsibility in failing to respond;
> (2) the amount of prejudice to the defendant;
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding *pro se,* and he is entirely responsible for his actions. It is solely through Plaintiff, and not that of an attorney, that Plaintiff has not provided additional, appropriate information in order to complete service on Defendants Capistock, Romero, Lt. Williams, Doe, and Mr. Williams. Plaintiff was previously warned that: "[t]he providing of sufficient, accurate, and complete information on the Form USM-285 is the responsibility of Plaintiff." The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Moreover, Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a particular defendant is served within 90 days after the complaint is filed, this Court may dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor has uniformly held that dismissal is mandatory unless good cause is shown if a Defendant is not served within the days provided by the rule. Service of the Complaint as to Defendants Capistock,

Romero, Lt. Williams, Doe, and Mr. Williams was due by December 22, 2020, and has not been completed.

Accordingly, Defendants Capistock, Romero, Lt. Williams, Doe, and Mr. Williams are dismissed from this action without prejudice pursuant to Fed. R. Civ. Proc. 41(b), or in the alternative under Fed. R. Civ. Proc. R. 4 .

**IT IS SO ORDERED.**


January 5, 2021
Florence, South Carolina

/s/Sherri A. Lydon
The Honorable Sherri A. Lydon
United States District Judge