UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ARYEE HENDERSON, | ) | C/A No.: 4:20-2726-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| OFFICER CLEVELAND, SGT. THOMAS, | ) | |
| OFFICER CORLEY, OFFICER PARRISH, | ) | |
| OFFICER DELK, OFFICER HENDERSON, SGT. | ) | |
| COAXUM, LT. ANDERSON-DAVENPORT, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This is a civil action filed *pro se* by Aryee Henderson ("Plaintiff") pursuant to

42 U.S.C. § 1983, alleging violations of his constitutional rights.  Plaintiff is currently

housed at the Lee Correctional Institution (LCI).  This matter is currently before the

court on Plaintiff's "Motion For Depositions" filed March 26, 2021. (ECF No. 68).

Plaintiff filed a motion for oral depositions of what appears to be approximately

two inmates and five employees of the SCDC based on allegations that transpired

while he was housed at the Broad River Correctional Facility. Discovery in civil cases

filed in this court is governed by the Federal Rules of Civil Procedure. These rules are

applicable to all litigants including those who are proceeding *pro se.* According to

Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that

is relevant to any party's claim or defense. . ." except under certain circumstances in

which leave of the court is required, see Fed.R.Civ.P. 30(b)(2), a party may take an oral deposition of another party without leave of the court by serving written notice on the opposing party. See Fed.R.Civ.P. 30. A party may take an oral deposition of a nonparty without leave of the court by serving a subpoena in accordance with Fed.R.Civ.P. 45 to compel attendance. See generally Rules 26 through 37, 45, Fed. R. Civ. P. However, although Plaintiff has been granted *in forma pauperis* status in this case pursuant to 28 U.S.C. § 1915(d), such status does not mean that Plaintiff's discovery expenses are underwritten or waived. Plaintiff is advised that subpoenas for attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. See Fed.R.Civ.P. 45(b)(1). Further, the party seeking to depose a witness is responsible for arranging all aspects of the deposition, including, but not limited to, securing a location[1] and retaining a court reporter. The court has entered a scheduling order setting the discovery deadline in this case as May 3, 2021. (ECF No. 66).

The court's authorization of a subpoena for a deposition requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the

---

[1]Because Plaintiff is a prisoner, the location of any scheduled deposition would have to comply with all safety protocols required by the correctional institution where Plaintiff is confined.

subpoena. *See* Fed.R.Civ.P. 26(b) & 45(c)(1). The court notes that, although the Plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. Plaintiff is advised that subpoenas for the attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. *See* Fed.R.Civ.P. 45(b)(1). Within this motion, Plaintiff states that "he is indigent and has no funds or revenue to pay for such deposition." (ECF No. 68). Therefore, Plaintiff's "Motion For Depositions" is denied.

IT IS SO ORDERED.


s/Thomas E. Rogers, III
April 14, 2021                                    Thomas E. Rogers, III
Florence, South Carolina                    United States Magistrate Judge


3