UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ARYEE HENDERSON, | C/A No.: 4:20-2726-SAL-TER |
| Plaintiff, | |
| vs. | ORDER |
| OFFICER CLEVELAND, SGT. THOMAS, OFFICER CORLEY, OFFICER PARRISH, OFFICER DELK, OFFICER HENDERSON, SGT. COAXUM, LT. ANDERSON-DAVENPORT, | |
| Defendants. | |

This is a civil action filed *pro se* by Aryee Henderson ("Plaintiff") pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is currently housed at the Lee Correctional Institution (LCI). This matter is currently before the court on Plaintiff's "Motion For Independent Expert Witness" and "Motion For Funds to Take Depositions" filed March 26, 2021. (ECF Nos. 81 and 89).

Plaintiff filed a "Motion For Independent Expert Witness" requesting that the court appoint an "independent expert witness from a Security Consulting Firm" that has employees that are "prior correctional officers or law enforcement officers that can testify as to whether or not the Defendants in this case used force against Plaintiff that was excessive by normal standards." (ECF No. 81). Defendants filed a response in opposition and Plaintiff filed a reply. (ECR Nos. 84 and 96).

The court does not appoint experts to plaintiffs in civil cases. See Ford v. Ozmint, 2014 WL 1093106, *3 (D.S.C. March 18, 2014) (citing Boring v. Kazakiewicz, 833 F.2d 468 (3d Cir. 1987) (rejecting an indigent civil litigant's argument that the district court erred in refusing to have the government pay for an expert medical witness)). Although Plaintiff was granted *informa pauperis* status, 28 U.S.C. § 1915 provides only for the waiver of fees and costs, with no such provision for the payment of any other litigation expense, including funding for expert witnesses. See Tabron v. Grace, 6 F.3d 148 (3d Cir. 1993). Accordingly, Plaintiff's Motion (ECF No. 81) is denied.

On June 1, 2021, Plaintiff filed a "Motion for Funds To Take Depositions" (ECF No. 89) requesting funds from the court to depose several named witnesses that he alleges are employees and inmates currently housed and employed at the Broad River Correctional Institution. As set forth above, this court does not provide funds or payment for any other litigation expense other that the waiver of fees and costs pursuant to U.S.C. §1915. Although the Plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. Therefore, Plaintiff's motion (ECF No. 89) is denied.

IT IS SO ORDERED.

June 16, 2021  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge