UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ARYEE HENDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OFFICER CLEVELAND, SGT. THOMAS, )<br>OFFICER CORLEY, OFFICER PARRISH, )<br>OFFICER DELK, OFFICER HENDERSON, SGT. )<br>COAXUM, LT. ANDERSON-DAVENPORT, )<br>)<br>Defendants. )<br>_____ | C/A No.: 4:20-2726-SAL-TER<br><br>ORDER |

This is a civil action filed *pro se* by Aryee Henderson ("Plaintiff") pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is currently housed at the Lee Correctional Institution (LCI). This matter is currently before the court on Plaintiff's "Motion For Recording Depositions on Oral Examination by Videotape or Other Photographic Means," and two Motions to Compel. (ECF Nos. 148, 149 and 169).

On March 2, 2022, Plaintiff filed a "Motion for Deposition on Oral Examination by Videotape or Other Photographic Means" of three employees of the SCDC and "several prison inmates-don't have specific name and SCD number at the moment. . ." (ECF No. 149). Plaintiff previously filed a motion to take oral depositions of these same three employees. (ECF No. 68). As stated in the previous

orders (ECF Nos. 69 and 82), discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se.* According to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . ." except under certain circumstances in which leave of the court is required, see Fed.R.Civ.P. 26(b)(2). A party may take an oral deposition of another party without leave of the court by serving written notice on the opposing party. See Fed.R.Civ.P. 30. A party may take an oral deposition of a nonparty without leave of the court by serving a subpoena in accordance with Fed.R.Civ.P. 45 to compel attendance. See generally Rules 26 through 37, 45, Fed. R. Civ. P. However, although Plaintiff has been granted *in forma pauperis* status in this case pursuant to 28 U.S.C. § 1915(d), such status does not mean that Plaintiff's discovery expenses are underwritten or waived. Plaintiff is advised that subpoenas for attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. See Fed.R.Civ.P. 45(b)(1). Further, the party seeking to depose a witness is responsible for arranging all aspects of the deposition, including, but not limited to, securing a location[1] and retaining a court reporter. As Plaintiff has been

---

[1] Because Plaintiff is a prisoner, the location of any scheduled deposition would have to comply with all safety protocols required by the correctional institution where Plaintiff is confined.

2

granted *in forma pauperis* and has not shown the ability to pay for the discovery expenses, this motion (ECF No. 149) is denied. (See ECF No. 82).

Plaintiff filed a Motion to Compel on February 28, 2022, asserting that the Defendants had not responded to his discovery requests. (ECF No. 148). The Defendants filed a response to this motion on March 14, 2022, stating that responses to Plaintiff's Interrogatories and Request for Production have now been served on Plaintiff and attached the copies of the responses as Exhibit A. (ECF No. 151). Defendants responded that each of the Plaintiff's Interrogatories to every Defendant is a question accompanied by a request for associated records which then builds on the copious volumes of records Plaintiff requested separately in his Request for Production. Defendants state that defense counsel has "relentlessly worked in tandem with parties at SCDC to obtain responsive documents" and to provide the Plaintiff with responses to his discovery requests. (ECF No.151 at 2-3). Defendants contend that due to Plaintiff's attempted suicide and subsequent multiple relocations, as well as the delay in obtaining and reviewing the copious amount of records for the Plaintiff in this case, the responses have taken until now to compile and serve on the Plaintiff. Therefore, Defendants argue that since the discovery has been responded to, this Motion to Compel is moot.  As Defendants served their responses, *albeit* delayed, this Motion to Compel Defendants to respond (ECF No. 148) is deemed moot.

3

After receiving the discovery responses, Plaintiff filed a second Motion to Compel on April 4, 2022. (ECF No. 169). Defendants filed a response on April 18, 2022. (ECF No. 171). In this Motion to Compel, Plaintiff asserts that he received the responses to the First and Second Set of Interrogatories but that they "are not answered fully and completely. Also, Plaintiff has not received or reviewed the highlighted Requested Production of Documents in Exhibits C & D." (ECF No. 169 at 2 of 15). Plaintiff attached the response to the First and Second Set of Interrogatories as Exhibits A & B and stated the number of the interrogatories that he did not feel were answered fully or correctly. The undersigned has reviewed the First and Second set of Interrogatories in Exhibits A and B and find that the responses to the interrogatories Plaintiff has complained about are sufficient with the exception of the following:

**Exhibit A: Defendants' Responses to Plaintiff's First Set of Interrogatories:**

Defendant Cleveland:    Interrogatories 4 and 17

Defendant Thomas:    Interrogatories 4, 5, and 6

Defendant Delk:    Interrogatories 4, 5 and 6

Defendant Henderson:    Interrogatories 4, 5 and 6

Defendant Coaxam:    Interrogatories 4, 5 and 6

Defendant Davenport:    Interrogatories 3, 4 and 5

Defendant Parrish:   Plaintiff asserts that the response to discovery did not include a response from Defendant Parrish. From a review of the responses appears that Defendant Parrish's responses were not included. Therefore, Plaintiff's Motion to Compel with respect to Defendant Parrish is granted and he has ten days to respond to Plaintiff's First Set of Interrogatories numbers 1-8.

Except for Defendant Cleveland, Defendants' response to Interrogatory 6 (Interrogatory 5 for Davenport) make reference to Use of Force Report 001-020 which has not been provided to the court for review. Defendants may respond to Interrogatory 6 or provide a copy of this report to the court for further review to determine whether or not the response is sufficient. Plaintiff's Motion to Compel responses to the first set of interrogatories is granted as set forth above and denied to the remaining interrogatories Plaintiff raised in the motion.

**Exhibit B: Defendants' Responses to Plaintiff's Second Set of Interrogatories:**

The court has reviewed Plaintiff's Motion to Compel Second Set of Interrogatories and find the responses to be adequate. Also, Plaintiff requested responses to interrogatories addressed to an Officer Capistock. Counsel for the other Defendants do not represent Officer Capistock and he is not a party to this case. Accordingly, Plaintiff's Motion to Compel the Second Set of Interrogatories is denied.

**Exhibit C: Defendants' Responses to Plaintiff's First Request for Production:**

Plaintiff filed his Motion to Compel First Request for Production of documents as to Requests 3-12, 16, 18, and 20-26. Plaintiff's Request for Production as to Requests 3-6, 15, and 23 seeks copies of surveillance footage for certain dates. Defendants objected asserting that the requests are not proportional to the needs of litigation, the request is vague, uncertain, burdensome, overly broad in scope and beyond the scope of discovery, may compromise institutional security if divulged as Plaintiff may ascertain information, patterns, and monitoring techniques utilized by the SCDC staff and/or may contain personal or private information not subject to disclosure. Plaintiff argues in his motion that he needs the video footage to show the excessive force incident, to reveal the officers who were involved, reveal the officers and inmates that were witnesses, to show his injuries, to prove no medical personnel came to treat him, to show the length of time spend on C.I before being allowed to speak with a psychiatrist, and to identify the nurses, QMPH's and SCDC personnel that Plaintiff spoke with while on CI and who was working on RHU on 2-21-20.

The Motion to Compel Requests 3-6, 15, and 23 is granted to the extent the video footage regarding the instances at issue which fall within Requests 3-6, 15 and 23 is to be made available for Plaintiff's review within thirty days from the date of this order.

In Requests 7 and 8, Plaintiff seeks copies of "telepsych conference" on 2-27-

20 and 3-4-20 to 3-9-20. In Request 25, Plaintiff requests the names, titles, and duties of all QMHP's, mental health counselors, and psychiatrists that Plaintiff spoke and conferred with while on crisis intervention (CI) during the dates of 3-3-20 to 3-9-20 while at CSU at Broad River CI. In Request 26, Plaintiff seeks the names, titles, and duties of all QMPH's, mental health counselors, and psychiatrists that Plaintiff spoke and conferred with while on Saluda Unit (RHU) during the dates of 2-21-20 to 3-3-20. In the response to Requests 25 and 26, Defendants referred to the response to Requests numbered 7 and 8 in which Defendants provided the portion of Plaintiff's medical records containing the SCDC Medical Records Psychiatric Clinic notes for these dates which response the courts finds sufficient. Therefore, the Motion to Compel with regard to requests 7, 8, 25 and 26 is denied.

In Requests 9 and 10, Plaintiff requests a copy of his "medical records, surgical records, x-rays, x-ray reports, bills, invoices, writings, notes or memoranda relating to Plaintiff's physical, medical, and mental condition, illness or disability at any time of the trial, institutions, or other healthcare providers or third-party private or govern mental health or accident insures" and a "copy of his mental health records." (ECF 169-1 at 36). Defendants objected stating that the request is overly burdensome, vague and ambiguous. Further, Defendants state that Plaintiff has been incarcerated for 19 years, with voluminous medical/mental health records of over 1250 pages.

Requests 9 and 10 are found to be vague, burdensome, and overly broad as the request contains no date restriction, subject matter restriction, and fails to define the parameters. Also, Plaintiff fails to show proportionality and relevance to the needs of the case. Therefore, the Motion to Compel as to Requests 9 and 10 is denied.

In Request 11, Plaintiff asks for Defendants to identify and attach a copy of any and all rules, regulations, and policies of SCDC about treatment of prisoners who are mentally ill. Defendants objected but subject to waiving the objection, identified eleven SCDC policies related to mental health and stated that Plaintiff may review the non-restricted policies at their institutional law library or, if the library is closed due to Covid restrictions, Plaintiff can request that the unrestricted policies be brought to him to review. This response is sufficient and the Motion to Compel with regard to Request 11 is denied.

In Request 12, Plaintiff requested a copy of SCDC Policy op-22.01, "Use of Force." Defendants objected to this request arguing, among other reasons, that the policy is restricted, the request may compromise institutional security if divulged as Plaintiff may ascertain information, patterns, and monitoring techniques utilized by SCDC staff; and/or the requested information may contain personal, private information not subject to disclosure. In Plaintiff's Motion to Compel, he states that he needs the policy to litigate his case. Plaintiff has alleged incidents of excessive

force. As courts in this district have held, "[t]he failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." Johnson v. S.C. Dep't of Corrections, No. 06–2062, 2007 WL 904826, at *12 (D.S.C. Mar.21, 2007) (*citing* United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1978)); see also Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990) (if state law grants more procedural rights that the Constitution requires, a state's failure to abide by that law is not a federal due process issue). However, this court directs Defendants' attention to Brooks v. Johnson, 924 F.3d 104, 121-122 (4thCir. 2019), which held "relevant use-of-force policies are routinely considered in excessive-force litigation, including litigation that arises in the prison context." Id. at 122.[2] Plaintiff in this action has made allegations of excessive

---

[2] Specifically, the Fourth Circuit in Brooks held the following with regard to the use-of-force policy:

> As detailed above, Brooks's Eighth Amendment claim turns on a question of subjective intent: Johnston violated the Eighth Amendment if she intended to cause harm *122 maliciously, but not if she acted in good faith. See Whitley, 475 U.S. at 320–21, 106 S.Ct. 1078. As our cases make clear, whether an officer has complied with or, alternatively, violated a relevant use-of-force policy, while not dispositive, is highly relevant to that inquiry. Adherence to a policy, we have explained, "provide[s] powerful evidence that the application of force was tempered and that the officers acted in good faith." Williams, 77 F.3d at 766. So if Detention Center policy calls for the use of a taser to induce inmates to cooperate in efforts to take their pictures, or in similar circumstances more broadly defined, then that would support the officers' contention that Johnston acted in a good faith effort to enforce discipline. See id. If, on the other hand, Johnston was acting in contravention of an applicable use-of-force

9

force. This court finds the ruling in Brooks may be applicable to this Request for Production. Therefore, the motion with respect to this request for production is granted as set forth below.[3] Defendants should respond to this request in accordance with Brooks within fifteen days of the date of this order.[4]

In Request 14, Plaintiff requests "a copy of Broad River CI's RHU log books from 2-21-20 to 3-3-20." In Request 16, Plaintiff requests "A copy of the medical logbook for the date 2-21-20." In Request 24, Plaintiff requests a copy of the "Saluda Unit RHU log books from 3-3-20 to 3-4-20." Defendants filed responses objecting

---

> policy when Brooks was subjected to three taser shocks, then that would tend to suggest the opposite: that she applied force in bad faith and with punitive intent. See Iko, 535 F.3d at 240 (relying in part on violation of "Use of Force Directive" to support inference that pepper spray was administered for improper and malicious purpose); Orem, 523 F.3d at 447 (relying in part on violation of taser policy to support inference that taser was deployed maliciously).
>
> Nor are we persuaded by the magistrate judge's apparent rationale that requests for use-of-force policies typically are denied for security reasons. As demonstrated by Williams, Iko, and Orem — along with numerous other cases cited by Brooks — relevant use-of-force policies routinely are considered in excessive-force litigation, including litigation that arises in the prison context.

Brooks v. Johnson, 924 F.3d 104, 121–22 (4th Cir. 2019)

[3] "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." See Fed.R.Civ.P. 34(b)(2)(C).

[4] Defendants may redact any portion of any part of the policy produced to the extent necessary for security concerns but should include in their response an explanation sufficiently descriptive to inform why the redaction was necessary.

to these requests asserting the requests are vague, uncertain, burdensome, overly broad, beyond the scope of discovery, may compromise institutional security if divulged as Plaintiff may ascertain information, patterns and monitoring techniques utilized by SCDC staff; and the requested information may contain personal, private information not subject to disclosure. (ECF No. 169-1 at 38-39). In the Motion to Compel, Plaintiff argues that the Broad River log books is needed because "he needs the names of all employees who worked on RHU on 2-21-20 so he can properly identify all employees who assaulted him and who stood by and watched and he spoke with several mental health officers and other SCDC personnel on 2-21-20 following the incident and needs the employees names so he can depose or have them interviewed." As to the request for the medical log book for the date of 2-21-20, Plaintiff states that the logbook "will identify all SCDC and medical personnel who was present that day following the excessive force incident and the length of time Plaintiff spent in medical." As to Request 24 for a copy of the Saluda Unit log books from 3-3-20 to 3-4-20, Plaintiff argues that the "logbook will properly identify the names of all SCDC employees who worked the Saluda Unit on 2-21-20 and properly identify the responsible officials who spoke and conferred with Plaintiff while he was on C.I." (ECF No. 169 at 12 of 15).

In response to discovery requests 14, 16, and 24, Defendants objected arguing

that the requests are not proportional to the needs of litigation, the requests are vague, uncertain, burdensome, overly broad in scope and beyond the scope of discovery, may compromise institutional security if divulged as Plaintiff may ascertain information, patterns, and monitoring techniques utilized by the SCDC staff and/or may contain personal or private information not subject to disclosure.

This Motion to Compel is granted in part and denied in part. The motion is granted to the extent Defendants are to supply any entries pertaining to Plaintiff and the alleged incident in the requested log books on 2-21-20, within fifteen days from the date of this order. Defendants may redact any portion of any part of these log books to the extent necessary for security concerns or privacy issues but should include in their response an explanation sufficiently descriptive to inform why the redaction was necessary. Otherwise the Motion to Compel is denied.

In Request 18, Plaintiff requests " a copy of any and all grievance, complaints, or other documents received by Broad River C.I staff concerning the mistreatment of inmates by Defendants Cleveland, Capistock, Sgt. Thomas, Corely, Parrish, Delk, Henderson, Romero, Sgt. Coaxum, Lt. Williams, and Lt. Anderson-Davenport, and any memoranda, investigative files, or other documents created in response to such complaint since 5-14-18." (ECF No. 169-1 at 39).

Defendants objected arguing that the request is overly broad, irrelevant, unduly

burdensome, and not sufficiently limited in time or scope and on the grounds that it requests information that is not relevant to any party's claim or defense, it seeks information not proportional to the litigation, may present safety or security issues, and may contain personal, private information not subject to disclosure. However, notwithstanding the objections, Defendants' responded that "none of the Defendants recalls any credible allegations of misconduct against them." (ECF No. 169-1 at 40).

This Request 18 is overly broad and, therefore, denied.

In Requests 20, 21, and 22, Plaintiff requests copies of the alpha roster from the Wateree Unit on 6-20-19 and 2-21-20, and the Saluda (RHU) on or about 2-21-20 to 3-3-20. Defendants objected arguing that the requests are not proportional to the needs of litigation, the requests are vague, uncertain, burdensome, overly broad in scope and beyond the scope of discovery, may compromise institutional security if divulged as Plaintiff may ascertain information, patterns, and monitoring techniques utilized by the SCDC staff and/or may contain personal or private information not subject to disclosure. In the Motion to Compel, Plaintiff argues that the log books will properly identify the prisoners who witnessed the excessive use of force by Defendants so they can be deposed or interviewed. The Motion to Compel is granted with respect to Requests 20, 21, and 22 to the extent Defendants are to provide Plaintiff with the documentation requested except for any parts that are deemed restricted and/or a

security risk. If there are parts deemed restricted and/or a security risk, Defendants are to include with their response an explanation for any redaction sufficiently describing why the redaction was made. Defendants are to provide Plaintiff with the requested documentation within fifteen days of the date of this order.

**Exhibit D-Defendants' responses to Plaintiff's Second Set of Requests for Production**

In Request 1, Plaintiff seeks a "full complete copy of the Roth Report." ( ECF 169-1 at 45). Plaintiff asserts in his Motion to Compel that the Roth Report identifies all incidents of assault by inmates and staff members. Defendants objected arguing that the requests are not proportional to the needs of litigation, the requests are vague, uncertain, burdensome, overly broad in scope and beyond the scope of discovery, may compromise institutional security if divulged as Plaintiff may ascertain information, patterns, and monitoring techniques utilized by the SCDC staff and/or may contain personal or private information not subject to disclosure.

Request 1 is overly broad as it contains no date restriction, subject matter restriction, and fails to define the parameters. Therefore, the Motion to Compel with respect to Request 1 is overly broad and, therefore, it is denied.

Defendants' response to Plaintiff's Request 2 is sufficient. Therefore, the Motion to Compel with regard to Request 2 is denied.

Plaintiff's Request 3, seeks the duty roster of all staff members who worked at Broad River C.I., on 6-20-19 and 2-21-20. Defendants objected arguing that the requests are not proportional to the needs of litigation, the requests are vague, uncertain, burdensome, overly broad in scope and beyond the scope of discovery, may compromise institutional security if divulged as Plaintiff may ascertain information, patterns, and monitoring techniques utilized by the SCDC staff and/or may contain personal or private information not subject to disclosure.

This Motion to Compel Request 3 is denied as overly broad.

In Request 4, Plaintiff requests a copy of any and all discipline and personnel complaints against Defendants Cleveland, Coaxum, Thomas, Anderson-Davenport, Henderson, Delk, Corley, Parrish, Capistock, Romero, Williams, and Mr. Williams (QMPH) beginning from the time of their employment with SCDC. Defendants argue that Defendants objected arguing that the requests are not proportional to the needs of litigation, the requests are vague, uncertain, burdensome, overly broad in scope and beyond the scope of discovery, may compromise institutional security if divulged as Plaintiff may ascertain information, patterns, and monitoring techniques utilized by the SCDC staff and/or may contain personal or private information not subject to disclosure.

Request 4 is overly broad. Therefore, this Motion to Compel Request 4 is

15

denied.

In Request 5, Plaintiff seeks a copy of any and all records and reports on other instances of excessive use of force by BRCI staff on inmates. Defendants objected arguing that the requests are not proportional to the needs of litigation, the requests are vague, uncertain, burdensome, overly broad in scope and beyond the scope of discovery, may compromise institutional security if divulged as Plaintiff may ascertain information, patterns, and monitoring techniques utilized by the SCDC staff and/or may contain personal or private information not subject to disclosure.

Request 5 is overly broad. Therefore, this Motion to Compel Request 5 is denied.

In Request 6, Plaintiff seeks the addresses and telephone numbers of Defendants Capistock, Romero, Williams and Mr. Williams (QMPH). Defendants objected arguing that the requests are not proportional to the needs of litigation, the requests are vague, uncertain, burdensome, overly broad in scope and beyond the scope of discovery, may compromise institutional security if divulged as Plaintiff may ascertain information, patterns, and monitoring techniques utilized by the SCDC staff and/or may contain personal or private information not subject to disclosure. Subject to and waiving said objections, the Defendants reject the request absent a protection order in place. The motion to request as to Request 6 is denied due to security

concerns and these Defendants have been terminated from this action. (ECF No. 63).[5]

In Request 7, Plaintiff seeks the current location such as institution, dorm, and cell of inmates Deondra Scott #342246 and Demetrese Jenkins #350600. Defendants objected arguing that the requests are not proportional to the needs of litigation, the requests are vague, uncertain, burdensome, overly broad in scope and beyond the scope of discovery and the requested information may contain personal, private information not subject to disclosure. Plaintiff asserts in his motion that he needs this information "Because these witnesses saw the incident on 2-21-20 and he needs to depose and interview these prisoners." (ECF No. 169 at 14). This Motion to Compel Request 7 in the second set of Requests for Production is denied due to security concerns.[6]

In Request 8, Plaintiff seeks the addresses and telephone numbers of April Collins (nurse); Esther Labrador (QMPH); Mr. Stevenson (QMPH); Dr. Stephanie Chapman (Psychologist); and Mr. Ward (contraband officer). Defendants objected to this request arguing that the requests are not proportional to the needs of litigation, the requests are vague, uncertain, burdensome, overly broad in scope and beyond the scope of discovery and the requested information may contain personal, private

---

[5] Other means of discovery are available to the Plaintiff. See prior discussion, supra.

[6] Other means of discovery are available to the Plaintiff. See prior discussion, supra.

information not subject to disclosure. Plaintiff argues that he needs this information to have these witnesses deposed and interviewed. This Motion to Compel Request 8 is denied due to security concerns.[7]

In conclusion, Plaintiff's Motion to Compel (ECF No. 169) is granted in part and denied in part as set forth above.

Further, Plaintiff's response to the motion for Defendants' motion for summary judgment is currently due on June 23, 2022. (See ECF No. 183). This response time is extended by an additional thirty-days from June 23, 2022.

IT IS SO ORDERED.

June 9, 2022
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

---

[7] Other means of discovery are available to the Plaintiff. See prior discussion, supra.