UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ARYEE HENDERSON, | ) | C/A No.: 4:20-2726-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| OFFICER CLEVELAND, SGT. THOMAS, OFFICER CORLEY, OFFICER PARRISH, OFFICER DELK, OFFICER HENDERSON, SGT. COAXUM, LT. ANDERSON-DAVENPORT, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed *pro se* by Aryee Henderson ("Plaintiff") pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is currently before the court on Plaintiff's motion for an extension (ECF No. 200), motions to compel (ECF Nos. 201, 202, 213), Defendants' motion for protective order (ECF No. 205), Plaintiff's motion for spoliation (ECF No. 215), and Plaintiff's motion for copies and extension to file a reply (ECF No. 230).

Plaintiff's Motions to Compel

In Plaintiff's motions to compel (201, 202, and 213), he requests that the court order the Defendants to fully and completely respond to the court's order of June 9, 2022. The Defendants filed a response to the motions along with a protective order.

In their response to the motions to compel, Defendants assert that they had been granted an extension until July 15, 2022, to produce the ordered responses and that multiple supplemental responses and attachments were served on the Plaintiff on August 3 and August 5, 2022. Defendants' attorney states that "due to the undersigned's family emergency requiring extended time out of the state, coupled with deputy general counsel for SCDC assigned to this matter contracting COVID-19 thereby requiring extended time out of the office, the coordination and preparation of responses took far longer than was anticipated. The undersigned and the Department express their deepest apologies for the delay in producing tardy responses and aver that in no way was this delay an attempt to evade production of documents as ordered." (ECF No. 205). Defendants assert that due to the late production of documents, they have no objection to an extension of time for the Plaintiff to supplement his response to the pending motion for summary judgment to negate any claim to prejudice.

     Additionally, Defendants assert that they were in regular communication with internal counsel for SCDC and that much of the material ordered to be produced was only in possession of the SCDC, if at all. Defendants assert that some of the materials that may be responsive to the discovery requests are video files which the Plaintiff lacks the means to view without access to a computer and other material is sensitive

in nature containing confidential information germane to the case that, if misused, would allow an inmate to jeopardize the safety and security of themselves, officers, and other inmates. Therefore, Defendants contend that they have responded to the motions to compel and provided "all of the known responsive materials in existence to the plaintiff in hard copy." Defendants ask the court to dismiss the motions to compel as moot, as the items sought in the motion have been provided to the Plaintiff except where materials have been produced to the Warden pending disposition of the Motion for Protective order. Defendants attached a copy of the supplemental responses to Plaintiff's discovery as ordered by the court. (ECF No. 204-2 and 204-3).

Plaintiff's motions to compel (ECF Nos. 201, 202, and 213) are granted in part and denied in part. The motions are granted to the extent Plaintiff will be provided the available material pursuant to the protective order which is set forth below, and Plaintiff will be allowed to view the materials as set forth in the protective order, if needed, to file his supplemental response to the motion for summary judgment and/or trial and denied as to the video/surveillance data that is not in the possession or control of the Defendants.

Defendants' Motion for Protective Order

Defendants filed a motion for protective order pursuant to FRCP 26(c) regarding the production and safe-keeping of confidential material or contraband

3

seeking to limit the Plaintiff's storage of the confidential security policy and contraband/digital media to a secure location. (ECF No. 205). Specifically, they seek a protective order due to security concerns for the proliferation of confidential polices into the general population and seek the protective order to limit access to and use of confidential materials produced in discovery through the Warden's office. In the motion, Defendants propose allowing Plaintiff to view and take notes on the unredacted portions of the Use of Force Policy in the Warden's office where no inmate outside of the Plaintiff could potentially access the unredacted confidential information. Additionally, Defendants assert that Plaintiff has been afforded access to view all of the video files and the footage and requests that the digital copies of the responsive material remain in the possession of the Warden for the Plaintiff to access in preparation for trial. Defendants contend that the general counsel for SCDC has security concerns of permitting a confidential policy from entering the general population for the Plaintiff's safety if other inmates became aware that he has possession of a confidential policy. Therefore, Defendants request a protective order that permits Plaintiff a period of two hours in a private room to review the redacted confidential Use of Force Policy and take personal notes. At the conclusion of the two hours, the inmate shall be allowed to keep his personal notes but SCDC will maintain physical possession of the redacted policy printed for Plaintiff's use. If necessary,

4

Defendants assert that the Department can facilitate further review of the materials in the same manner. The limitation shall not apply to the inmate having a copy of the redacted policy in preparation for and during a trial. Second, Defendants assert the protective order would permit the Plaintiff additional, sufficient time to view the digital files produced by the Defendants, but at the conclusion of review, the SCDC will maintain physical possession of the digital materials in the Warden's office to hold until termination of the case.

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." <u>Wellin v. Wellin</u>, 211 F. Supp. 3d 793, 800 (D.S.C. 2016) (citing <u>UAI Tech., Inc. v. Valutech, Inc.</u>, 122 F.R.D. 188, 191 (M.D.N.C. 1988)). Courts are afforded broad discretion "to decide when a protective order is appropriate and what degree of protection is required." <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Defendants' motion for a protective order (ECF No. 205) as outlined in the motion is granted.

Plaintiff's Motion for Spoliation Sanctions

On September 6, 2022, Plaintiff filed a motion entitled "Motion for Spoliation Sanctions." (ECF No. 215). Plaintiff attached a copy of Defendants' supplemental responses to the discovery requests in which Defendants state in response to the production of video footage that "The Department of Corrections has no archives for the dates, times, and locations requested. SCDC aims for a 30 day retention window, after which the data is overwritten and no longer exists." (ECF No. 215-1). Defendants filed this same supplemental response with relation to the request for copy of the Broad River Correctional Institution yard surveillance footage for June 20, 2019, the Wateree Unit right side surveillance footage for June 20, 2019, the Broad River Correctional Institution yard surveillance footage for February 21, 2020, and a copy of the RHU surveillance footage for February 21, 2020, to March 3, 2020. In this motion, Plaintiff asserts that pursuant to Rule 37(b) and (e) of the Federal Rules of Civil Procedure, he is entitled to an order for spoliation sanctions against Defendants for failing to preserve and produce for inspection security surveillance footage and/or electronically stored data "germane to the litigation of this suit." Id. Specifically, Plaintiff argues that the Defendants had a duty to preserve the Broad River Correctional Institution's yard surveillance footage from June 20, 2019, because he requested it in his Step 1 Grievance form which he attached as Exhibit D. Plaintiff

6

asserts that the Defendants had a duty to preserve the Wateree Unit Right side, Broad River Correctional Institution and the Saluda Unit, left side surveillance footage for the dates of February 21, 2020, to March 9, 2020, because Plaintiff requested these in his Step One Grievance form which he attached as Exhibit F to his motion. Plaintiff argues that the Defendants were made aware of anticipated litigation when Plaintiff "requested that all responsible officials be fired and criminally charged with lynching by Mob and I speak and be interviewed by Police Services, SLED, or any other local law enforcement." Id. at 3. Further, Plaintiff asserts that the Defendants destroyed surveillance footage and requested discovery documents relevant to this action and he should be entitled to sanctions.

Defendants filed a response to this Motion for Spoliation sanctions asserting that they are not capable of producing videos and data that do not exist which was explained to Plaintiff by counsel via telephone on August 31, 2022. Defendants assert that Plaintiff was allowed to view for a second time all of the video footage that the Department of Corrections has for the dates and times he seeks. Defendants point out that they filed for a protective order "showing good cause exists to prohibit the Plaintiff general access to discovery materials ordered to be produced to him and seeking permission to produce the responsive digital media through the Warden's office." (ECF 219 at 1). Further, Defendants argue that Plaintiff has not been

prejudiced by the lack of video footage because he will have the opportunity to call each Defendant at trial and question them about the purported actions he alleges they committed against him.

The court entered an order on November 3, 2022, instructing Defendants to file a response with the court as to whether or not the Defendants had possession, custody or control of the video footage requested or if they had a duty to take reasonable steps to retain and preserve the evidence in the anticipation or conduct of litigation based on the facts and circumstances of this case. (ECF No. 226). Defendants filed a response on November 18, 2022, asserting that the SCDC did not preserve surveillance camera footage from June 20, 2019, and February 21 through March 3, 2020 as requested by Plaintiff in his discovery as it is the policy of the SCDC to maintain a "30-day retention window, after which the data is overwritten and no longer exists." (ECF No. 229 at 2). Defendants assert that there are three kinds of video footage created: 1) hardwired surveillance cameras that are captured on closed-circuit feed at each correctional institution; (2) hand-held camera footage such as a cell phone used to document planned uses of force and decontaminations; and (3) body-worn cameras used by investigators during the course of interviewing subjects to create a record. Plaintiff's discovery requests sought both surveillance and handheld camera footage. Defendants argue that they bear no culpability for the unavailability

of certain video evidence and once this matter reached the point in time when preservation of the data would have been reasonable, the data had already been automatically overwritten. Defendants assert they did not possess, control, or have access to the data the Plaintiff is seeking. Specifically, Defendants argue that there is no evidence that they ever had possession or control of the footage sought by Plaintiff and were not responsible for creating/ preserving any video footage.

Plaintiff's motion for sanctions for spoliation of evidence (ECF No. 215) is denied as to these Defendants as there is no evidence that they did possess, control, or have access to the surveillance data the Plaintiff is seeking.

<u>Plaintiff's Motion for an Extension to File a Supplemental Response</u>

Plaintiff's motion for an extension of time to file a supplemental in opposition of summary judgment (ECF No. 200) is granted and Plaintiff is given fifteen days from the date of this order to file a supplemental response to Defendants' motion for summary judgment.

<u>Plaintiff's Motion for a Copy and for an Extension to File a Reply</u>

On November 30, 2022, Plaintiff filed a motion requesting a copy of Defendants' response (ECF No. 226) to the court's order of November 3, 2022, and an extension of time to file a reply to the response. This motion is granted in part and denied in part. The motion is granted to the extent the Clerk of Court is to provide a

9

copy of ECF No. 229 to the Plaintiff[1] and denied to the request for an extension of time to file a reply.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions to compel (ECF Nos. 201, 202, and 213) are granted in part and denied in part; Defendants' motion for protective order (ECF No. 205) is granted; Plaintiff's motion for spoliation sanctions (ECF No. 215) is denied; Plaintiff's motion for an extension to file a supplemental response (ECF No. 200) is granted and Plaintiff is given fifteen days from the date of this order to file a supplemental response to the motion for summary judgment; and, Plaintiff's motion for copies and extension to file a reply (ECF No. 230) is granted in part and denied in part.

IT IS SO ORDERED.

December 6, 2022
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

---

[1] A certificate of service indicates that a copy of the Defendants' response to the text order, ECF No. 226, was served on the Plaintiff by depositing same in the United States Mail, first-class, certified mail/receipt requested postage prepaid on November 18, 2022. (ECF No. 229-1).