UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ARYEE HENDERSON, | ) | C/A No.:  4:20-2726-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| OFFICER CLEVELAND, SGT. THOMAS, | ) | |
| OFFICER CORLEY, OFFICER PARRISH, | ) | |
| OFFICER DELK, OFFICER HENDERSON, SGT. | ) | |
| COAXUM, LT. ANDERSON-DAVENPORT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is currently before the court on Plaintiff's Motion for Default Judgment as a sanction pursuant to Fed.R.Civ. P. Rule 37(d) against Defendant Parrish ("Parrish) for failing to respond to Plaintiff's First Set of Interrogatory requests. (ECF No. 238). Defendant filed a response in opposition arguing that the motion is untimely and without merit. (ECF No. 242). Specifically, Defendant Parrish argues that he did serve the answers to the First Set of Interrogatories on Plaintiff and attached a copy of the responses along with a certificate of service that the responses were served on Plaintiff on June 21, 2022. (ECF No. 242-1). Further, Defendant Parrish argues that pursuant to the court's amended scheduling order, motions were to be filed by March 14, 2022, and that Plaintiff failed to include a certification under Rule 37(d) that he attempted in good faith to confer with opposing counsel before filing a motion for sanctions. [1]

Under Federal Rule of Civil Procedure Rule 37(d), the court has the authority to impose

---

[1] Rule 37(d)(1)(B) states that a motion for sanctions for failing to answer or respond to discovery must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. Local Rule 7.02, DSC, states that counsel is under no duty to consult with a *pro se* litigant.

sanctions when a party fails to appear for a deposition, or fails to respond to interrogatories.

Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi) which include:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)   striking pleadings in whole or in part;
(iv)    staying further proceedings until the order is obeyed;
(v)     dismissing the action or proceeding in whole or in part;
(vi)    rendering a default judgment against the disobedient party; or

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi); Fed. R. Civ. P. 37(d)(3). Accordingly, the Fourth Circuit has developed a four-factor test to determine what sanctions to impose under Rule 37. Under that test, "the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Ed. of Educ., 269 F.3d 305, 348 (4th Cir. 2001). The four-factor test ensures that "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989).

The court entered an order on June 9, 2022, granting Plaintiff's motion to compel Parrish to respond to the discovery within ten days. (ECF No. 186). Defendant Parrish filed a response to this motion for default and attached a copy of the answers to the First Set of Interrogatories along with a certificate of service indicating discovery responses were served on Plaintiff by depositing same in the United States Mail on June 21, 2022. (ECF No. 242). Plaintiff did not file any further motions with regard to the discovery responses from the First Set of Interrogatories from Parrish until the

filing of this motion for default judgment on January 6, 2023.[2]  This has been a heavily litigated case in which multiple defendants have participated in discovery and represent by the same attorney. The records does not show bad faith on the part of Parrish or the need for deterrence. Further, the record does not show prejudice to Plaintiff[3]. Additionally, the harsh sanction of default judgment, or other sanction, is not appropriate under these circumstances. Thus, Plaintiff's motion for default judgment as a discovery sanction pursuant to Rule 37(d) (ECF No. 238) is denied.

      IT IS SO ORDERED.

s/Thomas E, Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 24, 2023
Florence, South Carolina

---

[2] The court's amended scheduling order of April 21, 2022, set the motions deadline as April 29, 2022. (ECF No. 174).

[3] Plaintiff has been served with responses to discovery and a report to the district judge recommending Defendant Parrish's motion for summary judgment be denied is pending. (ECF No. 244).