UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ARYEE HENDERSON, | ) | C/A No.: 4:20-2726-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| OFFICER CLEVELAND, SGT. THOMAS, | ) | |
| OFFICER CORLEY, OFFICER PARRISH, | ) | |
| OFFICER DELK, OFFICER HENDERSON, SGT. | ) | |
| COAXUM, LT. ANDERSON-DAVENPORT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is currently before the court on Plaintiff's Motion for Default Judgment as a sanction pursuant to Fed.R.Civ. P. Rule 37(d) against Defendants for failing to abide by the court orders of June 9, 2022, and December 7, 2022. (ECF No. 239). Specifically, Plaintiff argues that after not receiving the requested documents within the court's order of June 9, 2022, he filed a second motion to compel which was granted in part and denied in part pursuant to the court's order of December 7, 2022, to which defendants have not complied. Plaintiff argues that in the December 7, 2022, order, Defendants were directed to allow Plaintiff to review the Use of Force Policy within fifteen days. Plaintiff asserts that he filed his supplemental response to the motion for summary judgment without being able to review the Use of Force Policy.

In the court's order of December 7, 2022, the court granted Plaintiff's Motions to compel in part and denied in part. The motions were granted "to the extent Plaintiff will be provided the available material pursuant to the protective order . . .  and Plaintiff will be allowed to view the materials as set forth in the protection order, if needed, to file his supplemental response to the motion for summary judgment and/or trial and denied as to the video/surveillance data that is not

in the possession or control of the Defendants." (ECF No. 231 at 3). Therefore, court did not direct the Defendants to allow Plaintiff to view the Use of Force Policy within fifteen days of the order, only if needed to file a supplemental response. However, Plaintiff was given fifteen days to file a supplemental response to the Defendants' motion for summary judgment. Plaintiff filed a supplemental response on January 6, 2023. A Report and Recommendation was entered on January 20, 2023, recommending that summary judgment be denied as to Defendants Thomas, Corley, Parrish, Delk, Henderson, Coaxum, Cleveland, and Anderson-Davenport as to the claim of excessive force on February 21, 2020.

Under Federal Rule of Civil Procedure Rule 37(d), the court has the authority to impose sanctions when a party fails to appear for a deposition, or fails to respond to interrogatories. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi) which include:

(i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)  striking pleadings in whole or in part;
(iv)   staying further proceedings until the order is obeyed;
(v)    dismissing the action or proceeding in whole or in part;
(vi)   rendering a default judgment against the disobedient party; or

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi); Fed. R. Civ. P. 37(d)(3). Accordingly, the Fourth Circuit has developed a four-factor test to determine what sanctions to impose under Rule 37. Under that test, "the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Ed. of Educ., 269 F.3d 305, 348 (4th Cir. 2001). The four-factor test ensures that "only the most flagrant case, where the party's noncompliance represents bad faith and callous

2

disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989).

This has been a heavily litigated case in which Defendants have participated in numerous discovery requests and are represented by the same attorney.[1] The record does not show bad faith on the part of Defendants. It appears the only matter that Plaintiff argues about in this motion is that he was not given the Use of Force Policy to view within fifteen days of the court's December 7, 2022, order. As set forth above, the court did not direct the Defendants to allow Plaintiff to review the Use of Force policy within fifteen days as alleged by Plaintiff. The order stated to allow Plaintiff to review the Use of Force Policy pursuant to the Protective Order, if needed, to file a supplemental response. Further, the record does not show prejudice to Plaintiff[2]. Additionally, the harsh sanction of default judgment, or other sanction, is not appropriate under these circumstances. Thus, Plaintiff's motion for default judgment as a discovery sanction pursuant to Rule 37(d) (ECF No. 239) is denied.

**Defendants are directed to report to the court when they have complied with the court's prior directive to allow Plaintiff to view the Use of Force Policy, not to exceed fifteen days from the date of this order.**

IT IS SO ORDERED.


February 1, 2023                                    s/Thomas E. Rogers
Florence, South Carolina                            Thomas E. Rogers, III
                                                    United States Magistrate Judge

---

[1] It is not clear but assumed that the "defendant" have the care, custody, or control (or access to) the Use of Force Policy.

[2] As previously noted, a report to the district judge recommending summary judgment as to Defendants for the claim of excessive force on February 21, 2020, be denied is pending with the district judge. (ECF No. 244).